FILED

2005 Mar-15  PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY CATHERINE CARTER, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 05-AR-0008-S |
| | } | |
| DONAL CAMPBELL, Commissioner, | } | |
| Alabama Department of | } | |
| Corrections, et al., | } | |
| | } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

On March 11, 2005, the court conducted a hearing on the motion of plaintiff, Mary Catherine Carter ("Carter"), to reinstate her above-entitled action which had been dismissed on February 10, 2005. Because Carter is *pro se*, the court deemed her motion to have been filed pursuant to Rule 60(b), F.R.Civ.P., because it had not met the ten day limitation of Rule 59, F.R.Civ.P. The question presented, therefore, is whether Carter has demonstrated excusable neglect that resulted in the dismissal.

The presumption is that material mailed by United States Mail, postage prepaid, was delivered to the addressee unless returned to the sender. The Clerk of Court mailed by United States Mail, postage prepaid, both Judge Propst's order of January 4, 2005, and this court's order of February 10, 2005, and neither order was returned. It is difficult, if not impossible, to believe that the Postal Service fouled up not once, but twice in one case in rapid succession.

Assuming, *arguendo*, that Carter found out about the February 10 order of dismissal only through the good offices of a lawyer, as Carter contends in her motion and during oral argument, she does not accompany her motion with the required amended complaint stating a claim upon which relief can be granted, and she does not tender the filing fee.  If her failures to respond to the orders of the court were excusable, these more resent and obvious shortcomings are inexcusable.  If the court should grant Carter's motion, there would still be no viable complaint that could be served upon defendants.  Under the circumstances, Carter's motion to reinstate will be denied by separate order.

DONE this 15th day of March, 2005.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE